**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**CEDRIC ARRINGTON** **PLAINTIFF**
**ADC #111933**

**v.** **Case No. 4:25-cv-01109-KGB**

**ANTHONY CARTER** **DEFENDANT**

# ORDER

Before the Court are defendant Anthony Carter's motion to dismiss plaintiff's complaint (Dkt. No. 8), United States Magistrate Judge Edie Ervin's Recommended Disposition ("Recommendation") (Dkt. No. 12), and plaintiff Cedric Arrington's objections to the Recommendation (Dkt. No. 15). Also before the Court are Arrington's motion for claim for relief (Dkt No. 14), request for summary judgment (Dkt. No. 18), "request more time for my due processing" (Dkt. No. 19), motion for discovery (Dkt. No. 21), "motion to be present at every scheduled hearing" (Dkt. No. 22), and "motion to courts for a copy of court's response to defendant[']s response to plaintiff's motion for summary judgment" ("Motion for Copies") (Dkt. No. 24).

After careful consideration of the Recommendation, the objections, and a *de novo* review of the record, the Court adopts the Recommendation in its entirety as this Court's findings in all respects (Dkt. No. 12). The Court dismisses without prejudice Arrington's complaint; his request for relief is denied. The Court writes separately to address Arrington's objections.

## I. Introduction

Arrington, a pre-trial detainee at the Faulkner County Detention Center, filed this action *pro se* pursuant to 42 U.S.C. § 1983 (Dkt. No. 2). Arrington sued Carter in both his individual and official capacities (*Id.*, at 2). Arrington's complaint alleges that Carter was deliberately indifferent

to Arrington's serious medical needs regarding Arrington's left ear (*Id.*, at 5). Arrington further states that he is suing Carter for malpractice and wants to recover for his pain and suffering (*Id.*, at 6).

Carter filed a motion to dismiss Arrington's claims for failing to state a plausible constitutional claim for relief (Dkt. No. 8). Carter asserts that Arrington insufficiently pleaded that Carter subjectively disregarded his alleged serious medical need and insufficiently pleaded an official capacity claim against Carter (*Id.*, ¶ 5).

**II. Objections**

The Court has reviewed Arrington's objections and all other filings (Dkt. Nos. 13; 14; 15; 18; 19, 21; 22; 23; 24). Neither Arrington's objections nor his other filings break new ground or rebut the Recommendation.

First, Arrington objects that he was denied medical treatment based on his indigent status, in violation of "Rule of Conduct for Personnel Section 10-1003," which the Court understands to be Arkansas Minimum Standards for Criminal Detention Facilities Section 10-1003 (Dkt. No. 15, at 1). Arrington's complaint does not contain any factual allegations related to his indigent status or "Rule of Conduct for Personnel Section 10-1003" (*See* Dkt. No. 2). Therefore, Arrington's objection does not break new ground or rebut the Recommendation.

Second, Arrington objects that Carter failed to refer Arrington to an ear specialist despite not having the proper equipment to remove the paper lodged in his ear (*Id.*). These allegations do not break new ground. Although Arrington alleged that Carter did not have the "right equipment" to "remove the toilet paper from [his] ear" (Dkt. No. 2, at 4–5), Arrington stated that he was then "placed on antibiotics again," that a nurse did a wellness check and monitored his ear every other day, that Carter sent him "some pills" when the problem persisted, and that the toilet paper in his

ear eventually broke loose and came out (*Id.*, at 5). These alleged facts do not rise to the level of deliberate indifference, and Arrington's disagreement with Carter's independent medical judgment is insufficient to allege a constitutional violation. *Barr v. Pearson*, 909 F.3d. 919, 921–22 (8th Cir. 2018) ("while inmates have a right to adequate medical care, they have no 'right to receive a particular or requested course of treatment'") (quoting *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997)). Therefore, Arrington's objection does not break new ground or rebut the Recommendation.

Third, Arrington objects that Carter failed to conduct a wellness check to determine if the infection in his ear has cleared up and to see whether Arrington needed to be prescribed more medication (Dkt. No. 15, at 1). To the extent Arrington refers to his allegation that Carter prescribed him medicine without seeing him in person (Dkt. No, 2, at 5), Arrington's objection breaks no new ground. *Fourte v. Faulkner Cty.*, 746 F.3d 384, 387 (8th Cir. 2014) ("Deliberate indifference is more than negligence, more even than gross negligence . . . ."). Therefore, Arrington's objection does not break new ground or rebut the Recommendation.

To the extent Arrington alleges new facts in his objections—that Carter harmed him by not seeing him following the events in his complaint or that he was treated with deliberate indifference based on his indigent status—the Court denies the motion to amend as futile. *Thornton v. Phillips County, Ark.*, 240 F.3d 728, 729 (8th Cir. 2001) (per curiam) (finding that a district court should construe objections as a motion for leave to amend the complaint). As to Carter not seeing Arrington following Carter's ear "clear[ing] up" (Dkt. No. 15, at 1), these alleged facts even if true do not rise to the level of deliberate indifference. *Fourte*, 746 F.3d at 387. As to Arrington being mistreated because of his indigent status, Arrington pleads no facts which connect Arrington's indigent status with Carter's treatment decisions (Dkt. No. 15, at 1). Accordingly, to the extent

Arrington alleges new facts in his objections which the Court construes as a motion to amend, the Court denies as futile the request by Arrington to amend his complaint.

Upon a *de novo* review of the record, the Court adopts the Recommendation in its entirety (Dkt. No. 12), and the Court grants Carter's motion to dismiss Arrington's complaint (Dkt. No. 8).

**III. Other Motions**

In Arrington's "claim for relief," he restates the same points as those made in his objections—that Carter violated Rule 10-003 and that Arrington was not sent to an ear specialist (Dkt. No. 14). To the extent Arrington's motion is an objection to the Recommendation, this objection breaks no new ground, and the Court has considered the objections and all of Arrington's filings fully in adopting the Recommendation. To the extent Arrington's motion is a request for a judgment in his favor, the motion is denied given that the Court has granted Carter's motion to dismiss Arrington's claims (*Id.*).

In Arrington's request for summary judgment, Aringtion requests summary judgment in this case (Dkt. No. 18). Having dismissed Arrington's claims, the Court denies as moot Arrington's request for summary judgment in his favor (*Id.*).

In Arrington's "request more time for my due processing" motion, Arrington "requests more time for my [d]ue [p]rocessing[] [b]ecause I'm not receiving my legal mail on time as [I] should" (Dkt. No. 19). To the extent Arrington's motion is an objection to the Recommendation or a request for a judgment in his favor, the Court has fully considered Arrington's objections when deciding whether to adopt the Recommendation and denies the motion (*Id.*).

To the extent Arrington's motion is a request for copies, the Court grants the motion (*Id.*). The Court instructs the Clerk of Court to mail Arrington a copy of this Order and a copy of the docket sheet in this matter. Arrington may request copies of any other docket entry in this case by

filing a written motion with the Court that specifies by docket number the documents for which he seeks copies.

In Arrington's motion for discovery, Arrington restates his original complaint with an additional citation to Arkansas Minimum Standards for Criminal Detention Facilities Section 10-1003, which the Court previously addressed (*See* Dkt. Nos. 2; 21, at 3). To the extent Arrington's motion for discovery is an objection to the Recommendation, the objection fails for the same reasons discussed previously (Dkt. No. 21). To the extent the motion requests discovery-related relief, the Court now dismisses Arrington's claims and therefore denies the motion for discovery as moot (*Id.*). Discovery is not proper in this case, given the Court's dismissal of Arrington's claims.

In Arrington's motion to be present at every scheduled hearing, Arrington requests that he be present for every scheduled hearing in this matter (Dkt. No. 22). Because the Court now dismisses Arrington's claims without prejudice, the Court denies as moot Arrington's motion because there have been and will be no hearings in this case (*Id.*).

In Arrington's Motion for Copies, Arrington represents that Arrington was transferred from the Faulkner County Detention Center on June 18, 2026, and never received the Court's response to Arrington's motion for summary judgment and Carter's response (Dkt. No. 24, at 1). Until this Order, the Court has not issued any rulings on Arrington's motion for summary judgment and Carter's response. Therefore, the Court denies Arrington's Motion for Copies because Arrington seeks copies of an Order which does not exist (*Id.*). To the extent that Arrington requests a copy of the docket sheet in this matter or a ruling on his motions, the Court has already granted that relief in this Order.

## IV. Conclusion

For the foregoing reasons, the Court:

(1) adopts the Recommendation (Dkt. No. 12);

(2) grants Carter's motion to dismiss plaintiff's complaint (Dkt. No. 8);

(3) dismisses Arrington's claims without prejudice (Dkt. No. 2);

(4) denies Arrington's motion for claim for relief (Dkt. No. 14);

(5) denies as moot Arrington's motion for summary judgment (Dkt. No. 18);

(6) grants Arrington's "request more time for my due processing," only to the extent that Arrington requests copies of this Order and the docket sheet in this matter (Dkt. No. 19) and denies the remainder of the motion;

(7) directs the Clerk of Court to mail Arrington a copy of this Order and the docket sheet in this matter so that Arrington may request copies of documents, should he choose to do so;

(8) denies as moot Arrington's motion for discovery (Dkt. No. 21);

(9) denies as moot Arrington's "motion to be present at every scheduled hearing" (Dkt. No. 22);

(10) denies Arrington's Motion for Copies (Dkt. No. 24);

(11) recommends that, in the future, dismissal of this action count as a strike under 28 U.S.C. § 1915(g); and

(12) certifies pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this Order would be frivolous and not taken in good faith.

It is so ordered this 17th day of August, 2026.

Kristine G. Baker
Chief United States District Judge